## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

GOLDEN RULE FASTENERS, INC.,

      Plaintiff,

      v.

PROTECH PRODUCTS, INC.,

      Defendant.

Case No 6:19-cv-00405-CEM-LRH

**Jury Trial Demanded**

### CASE MANAGEMENT REPORT IN PATENT CASES

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P.

26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting]** | July 3, 2019 |
| **Certificate of Interested Persons and Corporate Disclosure Statement [each party who has not previously filed must file immediately]** | |
| **Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting]** | July 3, 2019 |
| **Disclosure of Infringement Contentions [1 month after CMR meeting]** | July 3, 2019 |
| **Disclosure of Non-Infringement and Invalidity Contentions [within 1 month of above]** | August 5, 2019 |
| **Initial Identification of Disputed Claim Terms [within 1 month of above]** | September 5, 2019 |
| **Proposed Claim Term Constructions [within 1 month of above]** | October 4, 2019 |
| **Joint Claim Construction Statement [within 2 weeks of above]** | October 18, 2019 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Technology Tutorial Conference [within 2-4 weeks of above]** **(if requested, insert date; otherwise, leave blank)** | |
| **Plaintiff's Claim Construction Brief [within 1 month of above]** | December 2, 2019 |
| **Defendant's Response Brief [within 1 month of above]** | January 7, 2020 |
| **Joint Pre-Hearing Statement [within 1 week of above]** | January 13, 2020 |
| **Claim Construction Hearing [within 3 weeks of above]** | February 3, 2020 |
| **Disclosure of Intent to Rely on Advice of Counsel as a Defense; Amendment of Infringement, Non-Infringement and Invalidity Contentions; and Disclosure of Expert Reports on Issues Where the Party Bears the Burden of Proof** **[no sooner than 3 months and no later than 5 months of above]** | May 29, 2020 |
| **Disclosure of Rebuttal Expert Reports [within 1 month of above]** | June 26, 2020 |
| **Fact Discovery Deadline [within 2 months of Amendments]** | July 24, 2020 |
| **Expert Discovery Deadline [within 1 month of above]** | August 21, 2020 |
| **Dispositive Motions, Daubert, and Markman Motions** **[Court requires 5 months or more before trial term begins]** | October 15, 2020 |
| **Meeting In Person to Prepare Joint Final Pretrial Statement [10 days before Joint Final Pretrial Statement]** | January 14, 2020 |
| **Joint Final Pretrial Statement (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 6 weeks before Trial]** | January 24, 2020 |
| **All Other Motions Including Motions In Limine, Trial Briefs** | November 16, 2020 |
| **Trial Term Begins** **[Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term must be not less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties]** | March 15, 2021 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Estimated Length of Trial [trial days]** | 5 days |
| **Jury / Non-Jury** | Jury |
| **Mediation**                                           **Deadline:**<br>**Mediator:**<br>**Address:**<br><br>**Telephone:**<br><br>**[Absent arbitration, mediation is mandatory; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline. If the parties do not select a mediator in the CMR, the Court will appoint one from its List of Certified Mediators.]** | August 28, 2020 |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes____No **X**____<br><br>**Likely to Agree in Future** |

## I.  MEETING OF PARTIES IN PERSON

Lead counsel must meet in person and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on June 4, 2019 at 2:00 pm telephonically and was attended by:

| | |
|---|---|
| Travis E. Lynch | Counsel for Golden Rule Fasteners, Inc. |
| Andrew Rapacke | Counsel for Protech Products, Inc. |
| Benjamin Bedrava | Counsel for Protech Products, Inc. |

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

## II.      PRE-DISCOVERY INITIAL DISCLOSURES OF CORE INFORMATION

### FED. R. CIV. P. 26(A)(1)(A)-(D) DISCLOSURES

Fed. R. Civ. P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements): The parties _____have exchanged__X__agree to exchange (check one) information described in Fed. R. Civ. P. 26(a)(1)(A) - (D) on July 3, 2019 by  5:00 pm ET.

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

## III.     ELECTRONIC DISCOVERY

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

_X__ No party anticipates the disclosure or discovery of ESI in this case;

_____One or more of the parties anticipate the disclosure or discovery of ESI in this case. If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

---

[2] See Generally: Rules Advisory Committee Notes to the 2006 Amendments to Rule 26 (f) and Rule 16.

A.   The form or forms in which ESI should be produced.

B.   Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C.   Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D.   The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E.   The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F.   Any issues relating to preservation of discoverable ESI.

G.   Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rule of Evidence 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

H.   Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:

If there are disputed issues specified above, or elsewhere in this report, then (check one):

_____ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

___X___ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

## IV.    AGREED DISCOVERY PLAN FOR PLAINTIFFS AND DEFENDANTS

### A.  CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper—including emergency motion—is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

___X___ Yes

_____ No                    Amended Certificate will be filed by_____(party)

on or before_____(date).

### B.  DISCOVERY NOT FILED —

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows: The parties agree to the foregoing.

### C.  LIMITS ON DISCOVERY —

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ. P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. <u>Depositions</u>

Limits proscribed by Federal Rules of Civil Procedure

2. <u>Interrogatories</u>

Limits proscribed by Federal Rules of Civil Procedure

3. <u>Document Requests</u>

Limits proscribed by Federal Rules of Civil Procedure

4. <u>Requests to Admit</u>

Limits proscribed by Federal Rules of Civil Procedure

5. <u>Supplementation of Discovery</u>

Limits proscribed by Federal Rules of Civil Procedure

**D.  DISCOVERY DEADLINE —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows: The parties agree to the foregoing.

### E.  DISCLOSURE OF EXPERT TESTIMONY —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony: The parties agree to the foregoing.

### F.  CONFIDENTIALITY AGREEMENTS —

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each

confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:  The parties agree to the foregoing.

### G.  OTHER MATTERS REGARDING DISCOVERY —

**Currently pending before the Court is Defendant Protech Products, Inc.'s Motion to Stay Litigation Proceedings Pending USPTO Reexamination (DE 27) (hereinafter "Motion").  If the Motion is granted, the Parties will need to revisit the deadlines set forth above, if necessary, at the appropriate time.  At this time, settlement discussions appear unlikely given the outstanding Motion.  If the Motion is denied, the Parties contend settlement discussions with an agreed upon mediator will have a higher likelihood of success upon the conclusion of fact discovery.**

## V.      SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION.

### A.  SETTLEMENT —

The parties agree that settlement is

 X    likely  _____unlikely         (check one)

The parties request a settlement conference before a United States Magistrate Judge.

_____yes        _____no        ___X__likely to request in future

**B.  ARBITRATION —**

      The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

_____yes        __X__no        _____likely to agree in future

_____Binding        _____Non-Binding

**C.  MEDIATION —**

      Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court- annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D.  OTHER ALTERNATIVE DISPUTE RESOLUTION —**

      The parties intend to pursue the following other methods of alternative dispute resolution:

Date: June 4, 2019

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

| | |
|---|---|
| */s/ James F. McDonough, III* | By: */s/ Andrew S. Rapacke (with permission)* |
| Timothy C. Davis, Fla. Bar No. 571880 | Andrew S. Rapacke, Esq. |
| **HENINGER GARRISON DAVIS, LLC** | Attorney for Defendant |
| 2224 1st Avenue North | THE RAPACKE LAW GROUP, P.A. |
| Birmingham, Alabama 35203 | Florida Bar No. 0113804 |
| Telephone: (205) 326-3336 | 1840 N. Pine Island Road |
| Facsimile: (205) 373-2294 | Plantation, FL 33322 |
| Email: tim@hgdlawfirm.com | Telephone: (954) 951-0154 |
| | Facsimile: (954) 206-0484 |
| | Email: andy@arapackelaw.com |
| James F. McDonough, III* | |
| Travis Lynch* | COUNSEL FOR DEFENDANT |
| **HENINGER GARRISON DAVIS, LLC** | |
| 3621 Vinings Slope, Suite 4320 | |
| Atlanta, Georgia 30339 | |
| Telephone: (404) 996-0869, -0867 | |
| Facsimile: (205) 547-5504, -5515 | |
| Email: jmcdonough@hgdlawfirm.com | |
| Email: tlynch@hgdlawfirm.com | |

        ***admitted Pro Hac Vice**

Daniel Robert Frijouf
Frijouf, Rust & Pyle, PA
201 E Davis Blvd
Tampa, FL 33606
Email: dan@frijouf.com

COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 4th day of June, 2019, that I caused to be electronically-filed the foregoing document with the Clerk of Court using the Court's CM/ECF system.  As such, this document was served on all counsel who are deemed to have consented to electronic service.

/s/ James F. McDonough, III
James F. McDonough, III